IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

RICHARD H. LIVINGSTON,

        Plaintiff,

   v.                               Civil Action No.
                                      5:16-CV-1371 (BKS/DEP)

MIKE FERRANTE and CITY OF
SYRACUSE,

        Defendants.

---

APPEARANCES:                       OF COUNSEL:

FOR PLAINTIFF:

RICHARD H. LIVINGSTON, *Pro se*
14-B-3634
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Richard H. Livingston, who is proceeding *pro se* and *in forma pauperis* ("IFP"), originally commenced this civil rights action pursuant to 42 U.S.C. § 1983 against Onondaga County, the Onondaga County District Attorney's Office, Onondaga County District Attorney William J. Fitzpatrick, and Assistant Onondaga County District Attorney Mike Ferrante. Plaintiff's complaint and accompanying motion for leave to proceed IFP were forwarded to me for review. Based on that review, I granted plaintiff's request for leave to proceed without prepayment of fees, but recommended that his complaint be dismissed, with leave to replead.

Since the issuance of that report, plaintiff filed an amended complaint as a matter of right under Rule 15(a)(1) of the Federal Rules of Civil Procedure against defendants Mike Ferrante and the City of Syracuse.[1] The filing of plaintiff's amended complaint rendered moot my earlier report, recommendation, and order, and the amended pleading has been referred

---

[1]  In light of the filing of an amended complaint naming only Mike Ferrante and the City of Syracuse as defendants, plaintiff's claims against the other defendants named in his original complaint are deemed to have been voluntarily discontinued. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("[A]n amended complaint ordinarily supersedes the original, and renders it of no legal effect."); *see also Dicks v. Binding Together, Inc.*, No. 03-CV-7411, 2007 WL 1462217, at *1 n.3 (S.D.N.Y. May 18, 2007) (noting the earlier dismissal of a defendant named in the plaintiff's original complaint but not named in the operative amended complaint).

2

to me for review. For the reasons set forth below, I recommend that plaintiff's amended complaint be dismissed without leave to replead.

I. BACKGROUND[2]

On April 22, 2013, as the result of a plea agreement in connection with a felony drug charge pending in Onondaga County Court, plaintiff enrolled in a judicial drug treatment diversion program. Dkt. No. 14 at 4. Plaintiff was subsequently arrested on June 3, 2014, based on the possession of drugs by another passenger in a vehicle in which plaintiff was traveling. *Id.* Plaintiff contends that he was arrested and charged only because of the fact that he was enrolled in the judicial diversion drug program. *Id.* According to plaintiff, he was ultimately terminated from the drug program. *Id.* at 5. A bench warrant for plaintiff's arrest was issued on July 17, 2014, based upon his failure to appear in drug court. *Id.*

On October 22, 2014, Syracuse City Police Detective J.W. Ballagh, along with other Syracuse City police officers, conducted a search of plaintiff's residence and several persons allegedly involved in the sale of

---

[2] Plaintiff filed an earlier, related action in this district against the City of Syracuse and individual City of Syracuse police officers. *Livingston v. City of Syracuse*, No. 15-CV-0631, Dkt. No. 1 (N.D.N.Y. filed May 22, 2015).

cocaine pursuant to the issuance of search warrants.[3] Dkt. No. 14 at 6. Plaintiff alleges police did not have probable cause to obtain those search warrants. *Id.* at 7. The search yielded the recovery of illicit drugs, and plaintiff was ultimately arrested on new felony drug charges and the bench warrant issued by the drug court. *Id.*

Plaintiff appeared for sentencing before the drug court on November 25, 2014, during which the prosecutor made false statements, claiming that plaintiff was the target of an investigation for the sale of cocaine and that cocaine, drug packaging, and scales were found at his residence. Dkt. No. 14 at 9-10. Plaintiff was subsequently sentenced to six years of incarceration plus an additional period of three years of post-release supervision. *Id.* at 10. According to plaintiff's complaint, the felony drug charges were dismissed on April 30, 2105. *Id.*

Plaintiff's amended complaint asserts claims against Assistant Onondaga County District Attorney Mike Ferrante and the City of Syracuse. Plaintiff alleges that defendant Ferrante failed to disclose exculpatory evidence despite knowing that the search warrants at issue were invalid,

---

[3] An amended search warrant application was subsequently filed, and new search warrants were issued, also on October 22, 2014, to correct an error in the original application. *Id.* at 6-7.

failed to "seek indictment," and failed to afford plaintiff a preliminary hearing on the felony drug charges. *Id.* at 11-15. Plaintiff further accuses defendant Ferrante of agreeing to satisfy the new felony charges through sentencing in the drug court under false pretenses in order to cover up errors committed by Detective J.W. Ballagh. *Id.* at 14. Plaintiff's claims against the City of Syracuse, a named defendant, are based upon an alleged failure to adequately train and supervise members of the Onondaga County District Attorney's Office. Dkt. No. 14 at 15-16. Plaintiff's complaint seeks compensatory damages against the City of Syracuse in the amount of $3,000,000, and injunctive relief directing defendant Ferrante to "admit wrongdoings" and disclose exculpatory evidence, and further demands that all criminal charges against him be dismissed. *Id.* at 18-19.

II. <u>PROCEDURAL HISTORY</u>

Plaintiff commenced this action on November 17, 2016. Dkt. No. 1. After reviewing plaintiff's original complaint and accompanying motions under 28 U.S.C. § 1915(a)(1), I issued a report, recommendation, and order on November 28, 2016, in which I granted plaintiff's motion for leave to proceed without prepayment of fees, denied his motion for appointment of counsel, granted plaintiff's request to have the United States Marshal

5

Service effectuate service of process in the event an amended complaint was submitted and accepted for filing, and recommended that plaintiff's complaint be dismissed, with leave to replead. *See generally* Dkt. No. 9.

On December 12, 2016, plaintiff submitted an amended complaint. Dkt. No. 14. Accompanying that complaint was a letter in which plaintiff advised that he had elected not to file objections to my report, recommendation, and order. Dkt. No. 14-1 at 1. Following the submission of that amended complaint, District Judge Brenda K. Sannes issued a decision in which she found that my report, recommendation, and order was moot in light of the intervening filing of plaintiff's amended complaint. Dkt. No. 19.

II.     DISCUSSION

    A.     Standard of Review

Because I have previously found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his amended complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

7

("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

  B. <u>Sufficiency of Claims</u>

    1. <u>Defendant Ferrante</u>

As is the case with respect to his original complaint, plaintiff's amended pleading asserts claims against defendant Ferrante arising out of his duties as a prosecutor in connection with criminal charges brought against plaintiff. Those claims thus implicate defendant Ferrante's entitlement to prosecutorial immunity.

It is well-established that "prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.'" *Hill v. City of N.Y.*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "In determining whether absolute immunity obtains, we apply a 'functional approach,' looking at the function being performed rather than to the office or identity of the defendant." *Hill*, 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)); *see also Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("The appropriate inquiry . . . is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority."); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutorial immunity protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate").

Plaintiff's claims against defendant Ferrante all involve his actions as a prosecutor. It is alleged that defendant Ferrante failed to produce exculpatory evidence, failed to seek an indictment against plaintiff, and failed to afford a preliminary hearing to plaintiff as requested. *See, e.g.,* Dkt. No. 14 at 11, 13-14. Plaintiff also accuses defendant Ferrante of complicity

with members of the Syracuse City Police Department in recommending a harsh sentence to the drug court and dismissal of felony charges based upon that sentence. *Id.* at 14. Plaintiff does not allege that defendant Ferrante had any involvement in obtaining the allegedly unlawful search warrant leading to his arrest on October 22, 2014. Because all of the acts complained of on the part of defendant Ferrante were undertaken during the judicial phase of the prosecution against plaintiff and in furtherance of defendant Ferrante's role as an advocate, he is protected from liability by absolute immunity. *Taylor v. Kavanagh*, 640 F.2d 450, 451-53 (2d Cir. 1981). For this reason, I recommend plaintiff's claims against defendant Ferrante be dismissed.

2. City of Syracuse

Plaintiff's claims against the City of Syracuse arise solely out of an alleged failure to adequately train and supervise members of the Onondaga County District Attorney's Office. Dkt. No. 14 at 15-18. The court takes judicial notice, however, that the City of Syracuse has no involvement in operation of the Onondaga County District Attorney's Office, nor are assistants and other employees within that office affiliated with or employed

11

by the City of Syracuse. Accordingly, plaintiff's claims against the City of Syracuse lack palpable merit and are also subject to dismissal.

C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of

discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, the deficiencies identified in this report are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Plaintiff asserted claims against defendant Ferrante in his original complaint, and was informed of the nature and scope of the absolute immunity enjoyed by that indiviudal as a prosecutor. Despite being placed on notice of defendant Ferrante's entitlement to prosecutorial immunity, plaintiff's amended complaint does not contain any allegations suggesting that defendant Ferrante's actions were taken outside his duties as a prosecutor in connection with the judicial phase of proceedings against plaintiff. Like those contained within the first complaint, the claims against defendant Ferrante are precluded by the absolute immunity enjoyed by that defendant. Plaintiff's claims against the City of Syracuse lack palpable merit, and no revision to the pleading could link plaintiff's claims against defendant Ferrante to the City of Syracuse. Accordingly, because I find that any amendment that might be offered against the named defendants would be futile, I recommend against granting plaintiff leave to replead.

III. SUMMARY AND RECOMMENDATION

Plaintiff's amended complaint in this action asserts claims against two defendants, an Onondaga County Assistant District Attorney and the City of Syracuse. Because plaintiff's claims against defendant Ferrante all emanate from the performance of his official duties during the judicial phase of criminal proceedings against plaintiff, defendant Ferrante is entitled to prosecutorial immunity with respect to those claims. As for plaintiff's claims against the City of Syracuse, they lack palpable merit because they are based upon the fallacious assumption that the City of Syracuse trains and supervises individuals employed by the Onondaga County District Attorney's Office. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's amended complaint (Dkt. No. 14) in this action be DISMISSED in its entirety without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this order.[4]

---

[4] If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: May 30, 2017
        Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge

---

extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).